# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremiah Ybarra, | Case No. 21-CV-1846 (WMW/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Kallis, | |
| Respondent. | |

HILDY BOWBEER, United States Magistrate Judge.

This matter comes before the undersigned United States Magistrate Judge on Petitioner Jeremiah Ybarra's Petition for Writ of Habeas Corpus (Petition [ECF No. 1]) pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1. This is Ybarra's fourth petition in this District.[1] For reasons explained herein, the Court recommends that Ybarra's petition be dismissed because he has not established that 28 U.S.C. § 2241 is an appropriate vehicle for his claims.

Ybarra, who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, was found guilty after a jury trial in the United States District Court for the

---

[1] *Ybarra v. Kallis*, No. 20-cv-2091 (WMW/LIB) (D. Minn. filed on Oct. 1, 2020) (complaining that his § 2255 proceedings were taking too long, and raising issues raised in those proceedings); *Ybarra v. Kallis*, 21-cv-0993 (JRT/LIB) (D. Minn. filed on Apr. 14, 2021) (claiming that he was not guilty of possessing a controlled substance and that his case was not properly presented to a grand jury); *Ybarra v. Kallis*, No. 21-cv-1396 (DSD/TNL) (D. Minn. filed on June 14, 2021) (request for home confinement or compassionate release due to COVID-19).

Western District of Texas on one count of possessing methamphetamine with intent to distribute. *See United States v. Ybarra*, No. 4:16-cr-523 (DC) (W.D. Tex.). The conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *See United States v. Ybarra*, 749 F. App'x 278 (5th Cir. 2018) (per curiam). Ybarra also sought relief from his conviction and sentence in a motion filed in the Western District of Texas under 28 U.S.C. § 2255; that motion was recently denied. *See United States v. Ybarra*, 4:16-cr-523 (DC) (W.D. Tex. March 24, 2021) (Order Denying 28 U.S.C. § 2255 Motion [ECF No. 207].) Ybarra's appeal of the denial of his § 2255 motion was denied for failure to prosecute. *See id.*, [ECF No. 215.] On August 18, 2021, Ybarra sought leave to file a second or successive § 2255 motion from the Fifth Circuit Court of Appeals, that request is currently pending. *See Ybarra v. Kallis*, No. 21-50768 (5th Cir. 2021).

Federal prisoners must seek collateral relief from their conviction or sentence under § 2255, not through a petition for a writ of habeas corpus under § 2241, unless § 2255 is "inadequate or ineffective to test the legality" of the prisoner's conviction or sentence. 28 U.S.C. § 2255(e). A district court lacks the subject-matter jurisdiction to consider a habeas petition that runs afoul of the exclusive-remedy rule. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Neither the Supreme Court nor the United States Court of Appeals for the Eighth Circuit has set forth the exact contours of the exclusive-remedy rule. It is clear, though, that the rule applies very broadly. *See e.g., Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). For example, "[i]t is well established that in order to establish a remedy is

inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Id.* Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to avoid the exclusive-remedy rule must show that he "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord, United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

On August 12, 2021, Ybarra mailed the present § 2241 petition to this Court. (Petition [ECF No. 1].) He does not present arguments in terms of enumerated grounds. Reading his petition broadly, he challenges the validity of his grand jury proceedings and/or the indictment, he argues that his counsel was ineffective, and he contends that the government failed to disclose key evidence. *Id.* All of these theories have been raised and rejected in his § 2255 proceedings. *See United States v. Ybarra*, 4:16-cr-523 (DC) (W.D. Tex.) (Report & Recommendation [ECF No. 191]; Order Denying § 2255 Motion [ECF No. 207].) Ybarra does not explain how the challenges he presents in his latest § 2241 petition are different from those previously considered, nor does he explain how § 2255 was inadequate or ineffective for him to raise these claims.

Ybarra's § 2241 petition filed in 2020 was dismissed because § 2255 is the exclusive-remedy for federal prisoners to challenge their sentence or conviction. *See*

3

*Ybarra v. Kallis*, No. 20-cv-2091 (WMW/LIB) (D. Minn. 2021) (Order Denying § 2241 Petition [ECF No. 6].) Ybarra's April 2021 § 2241 petition has been recommended for dismissal on the same ground. *See Ybarra v. Kallis*, No. 21-cv-993 (JRT/LIB) (D. Minn. 2021) (Report & Recommendation [ECF No. 4].)

The same holds true for Ybarra's latest § 2241 petition—he simply does not qualify for relief under § 2241 because he has not shown that § 2255 was inadequate or ineffective to consider his claims. To the contrary, Ybarra received an evidentiary hearing on his claims in his original § 2255 proceedings. *See United States v. Ybarra*, 4:16-cr-523 (DC) (W.D. Tex.) [ECF No. 189.] Additionally, after his § 2255 motion was rejected by the District Court, he failed to prosecute his appeal. *Id.* [ECF No. 215.] Thus, whether or not Ybarra took full advantage of his § 2255 proceedings, he had ample opportunity to present his claims for full consideration. He has not demonstrated that his § 2255 proceedings were inadequate or ineffective, so his § 2241 petition violates the exclusive-remedy provision of § 2255(e). This Court lacks subject matter jurisdiction over the petition, and it must recommend dismissal without prejudice. *See DeSimone*, 805 F.2d at 323.

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This matter be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Ybarra's Application to Proceed In Forma Pauperis [ECF No. 3] be **DENIED as moot.**

Dated: August 30, 2021                         s/*Hildy Bowbeer*_____
                                               HILDY BOWBEER
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).