UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jeremiah Ybarra, | Case No. 21-cv-1846 (WMW/HB) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Kallis, | |
| Respondent. | |

---

Before the Court is Petitioner Jeremiah Ybarra's application to proceed *in forma pauperis* (IFP) on appeal from this Court's dismissal of his petition for a writ of habeas corpus for lack of jurisdiction. (Dkt. 11.) Upon review of Ybarra's IFP application, the Court determines that Ybarra qualifies for IFP status.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith where a litigant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And an appeal lacks a reasonable basis in law when "the claim is based on an indisputably meritless legal theory." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Ybarra's habeas petition was a direct attack on the validity of his federal conviction and sentence. The petition was, therefore, foreclosed by the exclusive-remedy rule laid out in 28 U.S.C. § 2255(e). *See Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021). Throughout the course of this litigation,

Ybarra has failed to explain why Section 2255(e)'s exclusive-remedy rule does not preclude his petition.  In addition, Ybarra failed to object to United States Magistrate Judge Hildy Bowbeer's August 30, 2021 Report and Recommendation (R&R), which recommended that the Court dismiss Ybarra's petition under Section 2255(e).  Because of his failure to object to the R&R, Ybarra would need to show on appeal that the findings and conclusions of the R&R were not only mistaken, but clearly erroneous.  *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  The Court is unable to identify a legal theory on which Ybarra could make such a showing.  But, in order to not foreclose any such argument that could be made by Ybarra, the Court grants Ybarra's IFP application.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jeremiah Ybarra's application to proceed *in forma pauperis* on appeal, (Dkt. 11), is **GRANTED**.

Dated:  December 21, 2021               s/Wilhelmina M. Wright
                                                                  Wilhelmina M. Wright
                                                                   United States District Judge